**quinn emanuel** trial lawyers | new york

295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7485**

## MEMORANDUM ENDORSED

WRITER'S EMAIL ADDRESS
rachelepstein@quinnemanuel.com

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  12/13/2024
```

December 13, 2024

<u>**Via ECF**</u>

The Honorable Judge Gregory H. Woods
U.S. District Court
Southern District of New York
500 Pearl Street, Room 2260
New York, NY 10007

Re:    <u>*Corient Services LLC et al. v. Halladay et al.*</u>, No. 24-cv-08395 (S.D.N.Y.)

Your Honor:

On behalf of Plaintiffs Corient Services LLC and Corient Partners LLC (collectively "Plaintiffs"), and pursuant to Rule 4(A) of Your Honor's Individual Rules of Practice in Civil Cases, S.D.N.Y. Local Rule 7.1(d), and S.D.N.Y.'s Electronic Case Filing Rules & Instructions § 6, we write to request permission to seal certain materials that contain proprietary, commercially sensitive information and/or trade secrets as set forth in Plaintiffs' letter motion to redact the transcripts of the proceedings before this Court that took place on November 14 and 21, 2024 (the "Letter Motion"), which Letter Motion is being filed concurrently with this letter motion. Plaintiffs will discuss proposed redactions to the Letter Motion with Defendants and attempt to reach an agreement prior to presenting redacted versions of the Letter Motion to the Court for approval, at which point a redacted version can be filed in the public record.

We incorporate by reference Plaintiffs' letter motion to seal the initial Temporary Restraining Order motion papers (ECF Doc. No. 15) and the arguments contained therein, which apply in equal force here. The sealing and redactions requested in this letter motion are consistent with the standard set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).

As with the motion to seal the initial motion papers, the Letter Motion should be sealed because it contains confidential Corient business information and/or trade secrets that are material to Corient's position in the market for registered investment advisors and wealth-management services. The Letter Motion contains quotes of portions of the November 14 and November 21

**quinn emanuel urquhart & sullivan, llp**

ATLANTA | AUSTIN | BOSTON | BRUSSELS | CHICAGO | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

transcripts which Plaintiff is seeking to redact with Defendants' consent.  These portions of the transcripts discuss confidential agreements executed in connection with the acquisition of Corient Capital Partners, LLC by Plaintiffs that reflect the valuation of a closely held business, non-public business operations, and related financial information.  Plaintiffs believe that the release of this information to the public and Plaintiffs' competitors would place it at a significant competitive disadvantage.  As such, Plaintiffs respectfully request that the Court (i) seal the Letter Motion and (ii) file on the public record a redacted version of the Letter Motion.  Plaintiffs further respectfully request that, should the Court view Plaintiffs' requested redactions as excessive in any way, that the Court afford Plaintiffs further opportunity to address the Court's concerns.

/s/ *Rachel E. Epstein*
Rachel E. Epstein

CC: Counsel for Defendants via ECF

Application denied without prejudice.  This application is exceptionally overbroad.  For example, among the information sought to be filed under seal is information regarding the identity and country of organization of the parent company of the plaintiffs that was publicly disclosed by the plaintiffs in the docket of this case at Dkt. No. 7.  Any renewed application must be supported by an affidavit affirming, with respect to each fact that is sought to be redacted, that the pertinent fact has not otherwise been publicly disclosed and describing the commercial significance of the fact and the nature of the potential harm that could resulting from its disclosure.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 71.

SO ORDERED.
Dated:  December 13, 2024
New York, New York

_____
GREGORY H. WOODS
United States District Judge

2